The document below is hereby signed.

Signed: May 19, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTONIO DELANE STOREY, | ) | Case No. 08-00198 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION OF
THE UNITED STATES TRUSTEE FOR SANCTIONS AGAINST DEBTOR'S COUNSEL

By his Motion for an Order to Show Cause (Docket Entry ("DE") No. 95), the United States Trustee has sought the imposition of sanctions against the debtor's counsel for failing to disclose a postpetition receipt of $2,032 from the debtor for services rendered in connection with a state court landlord-tenant action.  This Memorandum Decision supplements the court's earlier oral decision.

I

The debtor filed his petition commencing this case on March 25, 2008.  The debtor's attorneys are Andrew P. Barber and Barber & Associates PC, and for ease of discussion, I will refer to them as Barber as though only Mr. Barber were the debtor's attorney. Barber received $3,600 on March 20, 2008 in connection with

services rendered or to be rendered in connection with this bankruptcy case, and duly disclosed that payment under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. During the month of June 2008, Barber received an additional payment of $2,032 from the debtor. Barber later filed the debtor's monthly operating report for June 2008 disclosing that payment, but he did not file an amended 2016(b) statement. When Martha Davis, counsel for the United States Trustee, asked Barber about that payment, Barber disclosed that the $2,032 payment was for services rendered in connection with a state court landlord-tenant action. Davis advised Barber that he needed to file an amended Rule 2016(b) disclosure statement disclosing the receipt of this additional $2,032 payment, that he needed either to return the funds to the debtor or move the funds into escrow, and that he needed to make application for payment of such compensation. Davis also advised Barber about the court's decision in <u>In re Williams</u>, Case No. 08-00116, 2008 WL 2890933 (Bankr. D.D.C. July 21, 2008). Despite repeatedly being urged to file the amended Rule 2016(b) statement and to take the other suggested steps, Barber failed to do so, thus prompting the filing of the United States Trustee's motion.

On September 9, 2008, before the United States Trustee filed his motion, Barber filed on behalf of the debtor an Application for Order under 11 U.S.C. §§ 327(a) and 329 Authorizing the

Employment and Retention of Barber & Associates, PC as Attorneys for the Debtor (DE No. 93).  That Application failed to disclose the landlord-tenant work that Barber had performed for the debtor.  It was later stricken on October 10, 2008 (DE No. 112) for lack of a signature, and no subsequent application has been filed for an order authorizing the employment of Barber as counsel for the debtor in possession.

On September 10, 2008, the United States Trustee filed his motion seeking sanctions.  Barber filed an opposition on October 8, 2008 (DE No. 111) and on October 22, 2008, the court held a hearing on the motion.

II

Barber contends that Rule 2016(b) does not apply to the $2,032 payment.  Rule 2016(b) implements 11 U.S.C. § 329(a), which provides in relevant part that:

> Any attorney representing a debtor in a case under this title, or in connection with such a case . . . shall file with the court a statement of the compensation paid . . . **for services rendered or to be rendered . . . in connection with the case by such attorney** . . . .

[Emphasis added.] Barber contends that although he is working as the attorney for the debtor in possession in the case, his services with respect to the landlord-tenant matter, albeit as an attorney for the debtor in possession, were not "in connection with the case" as required for § 329 to apply because this was litigation in the ordinary course of the debtor's business,

3

citing In re D'Lites of America, Inc., 108 B.R. 352 (N.D. Ga. 1989), and In re Johns-Manville Corp., 60 B.R. 612 (S.D.N.Y. 1986). Accordingly, Barber contends that § 329 did not require him to file a statement disclosing the compensation paid in connection with such services.

I will assume, without deciding, that if the debtor in possession had employed someone other than Barber to represent it only in the landlord-tenant case, compensation for representing the debtor in possession in such ordinary course of business litigation would not require disclosure under § 329(a). Barber, however, is representing the debtor in possession with respect to the conduct of the case in general and in carrying out the debtor in possession's duties in the case, and that distinguishes this case from the cases relied upon by Barber, In re D'Lites of America, Inc. and In re Johns-Manville Corp., in which the individuals were employed only with respect to matters that were in the ordinary course of the debtor's business, and not with respect to the bankruptcy aspects of the case. See In re D'Lites of America, Inc., 108 B.R. 352 (N.D. Ga. 1989) (unnecessary to obtain court approval for the hiring of employees to replace the debtor in possession's departed employees because the replacement employees were hired to perform everyday functions of the business rather than to assist in the handling of the bankruptcy proceedings); In re Johns-Manville Corp., 60 B.R. 612 (S.D.N.Y.

4

1986) (court approval unnecessary for the hiring of non-attorney lobbyists who performed services in the ordinary course of the debtor's business, a function that was found to be "completely external to the reorganization process . . . .").

Barber is serving as the debtor in possession's counsel "to represent and assist the [debtor in possession] in carrying out the [debtor in possession's] duties under [the Bankruptcy Code]" within the meaning of 11 U.S.C. § 327(a), and in general has been engaged "to represent the [debtor in possession] in conducting the case" within the meaning of 11 U.S.C. § 327(e). One of the debtor in possession's powers is that of a trustee to sue and be sued. 11 U.S.C. §§ 323(b) and 1107(a). Moreover, under 11 U.S.C. § 330(a)(1) an attorney employed under § 327 as counsel for the debtor in possession may seek authorization for reasonable compensation for services rendered, with the determination of reasonableness to include a consideration under 11 U.S.C. § 330(a)(3)(C) of "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, [the] case . . . ."

When an attorney represents a trustee or a debtor in possession with respect to the conduct of the case in general and in carrying out the trustee's or debtor in possession's duties, representation on matters that in isolation might not be

5

considered a representation of the debtor in connection with the case (because the representation is in the ordinary course of the debtor's business) nevertheless become part of that general representation of the debtor in connection with the case.  Barber has an obligation as the debtor in possession's attorney in the case to assure that ordinary course of business litigation conducted on behalf of the debtor in possession is conducted in a cost-effective manner.  When, with respect to ordinary course of business litigation, a debtor in possession elects to employ a different attorney than the counsel generally representing the debtor in the conduct of the case, the debtor in possession's general counsel in the case can act as a watchdog, or at least a source of advice, to assure that the services are billed at a reasonable rate.  When, however, the debtor in possession employs the attorney representing it in the conduct of the case to also conduct ordinary course of business litigation, there is an obvious danger of a conflict of interest if the compensation for services relating to ordinary course of business litigation is treated as not subject to approval by the court under § 330.

     When a trustee's or a debtor in possession's attorney is providing representation in general with respect to the conduct of the case and in carrying out the trustee's or debtor in possession's duties, that attorney's representation of the trustee or debtor in possession with respect to postpetition

ordinary course of business litigation is necessarily representation in connection with the case.  Because of the attorney's fiduciary role in the case, the hat the attorney wears as the attorney providing general representation of the debtor in possession in the conduct of the case covers all services rendered by that attorney to the debtor postpetition.  The attorney cannot operate under the unrealistic fiction that he can be treated as wearing two different hats, one as the debtor in possession's representative in the conduct of the case and the other as the debtor in possession's attorney in ordinary course of business litigation deemed not to be in connection with the case.  Such an attorney's compensation for all services rendered for the benefit of the estate ought to be subject to disclosure under § 327 and approval by the court as to the reasonableness of the fees under § 330.

                              III

In any event, Barber has already received $3,600.00 for representing the debtor in connection with this case, but has failed to file an application in proper form under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014(a) to authorize his representation of the debtor.  The defective application Barber did file failed to disclose the representation in the landlord-tenant action as a connection to the debtor.  If Barber were correct that his representation of the debtor in possession in

the landlord-tenant action was not in connection with the case under § 329, that representation would nevertheless be a connection with the debtor (beyond Barber's being employed as the debtor in possession's counsel under § 327(a)) that would be required to be disclosed under Rule 2014(a).  Barber should have filed an application early on in this case disclosing the representation of the debtor in possession in the landlord-tenant action if such representation were to be treated as employment not covered by § 327.  His failure to comply with Rule 2014(a) and to disclose the work on the landlord-tenant matter as a connection with the debtor would in itself provide a basis for requiring Barber to disgorge part of his compensation as a sanction for failing to comply with the rules applicable to professionals employed by a debtor in possession in the case.[1]

IV

An order follows requiring Barber to disgorge $500.00 to the debtor as a sanction, and requiring him to place the $1,532.00 balance of the $2,032.00 in escrow pending a ruling on an application to be filed under 11 U.S.C. § 330 seeking approval of of the $1,532.00 as compensation for services rendered in connection with the landlord-tenant action (or as compensation

---

[1] The court does not address whether Barber should be denied all compensation for services rendered to the debtor in possession prior to his eventually filing a Rule 2014(a) application and obtaining authorization to represent the debtor in possession.

for other services rendered in connection with the case).

                                               [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee.