The document below is hereby signed.

Signed: June 26, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTONIO DELANE STOREY, | ) | Case No. 08-00198 |
| | ) | (Chapter 11) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO VACATE
MEMORANDUM DECISION THAT ADDRESSED THE MOTION OF
<u>THE UNITED STATES TRUSTEE FOR SANCTIONS AGAINST DEBTOR'S COUNSEL</u>

The debtor's counsel ("Barber") has filed a motion (Dkt. No. 152) to vacate the court's prior Memorandum Decision (Dkt. No. 148) addressing the Motion for an Order to Show Cause (Dkt. No. 95) by which the United States Trustee sought the imposition of sanctions against Barber for failing to disclose a postpetition receipt of $2,032.00 from the debtor for services rendered postpetition in connection with a state court landlord-tenant action. The United States Trustee has filed an opposition (Dkt. No. 165) to which Barber has filed a reply (Dkt. No. 168).

Barber was required to disclose compensation for his services to the debtor in the landlord-tenant actions because, within the meaning of § 329(a), he was "representing a debtor in

a case" and the services were "in connection with the case."  The relatively mild sanctions the court imposed for violating § 329(a) were appropriate under the circumstances.  The motion to vacate will be denied.

I

Barber is representing the debtor in possession as his attorney with respect to the conduct of the case in general, and thus was an attorney "representing [the] debtor in [the] case" within the plain meaning of the opening clause of § 329(a).[1] That distinguishes this case from two decisions relied upon by Barber in which the non-attorney individuals employed by the debtor were not representing the debtor in the conduct of the case, but were instead performing services in the ordinary course of the debtor's affairs.  The issue addressed by those two decisions was whether the individuals' employment required the court's approval under 11 U.S.C. § 327(a), which requires court approval of the employment of "attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to

---

[1] Section 329(a) applies to an attorney "representing a debtor in a case, or in connection with such a case . . . ." Although attorneys such as Barber who represent the debtor in the debtor's main case are clearly "representing [the] debtor in [the] case," § 329(a) has also been held to apply to an attorney who represented the debtor prepetition rendering services in contemplation of the bankruptcy case even though the attorney did not actually represent the debtor in the case (that is, did not enter an appearance in the bankruptcy case as the debtor's counsel).  Wootton v. Ravkind (In re Dixon), 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992).

2

represent or assist the trustee in carrying out the trustee's duties." Because the individuals were not representing the debtor in the conduct of the case, they were deemed not to be the types of "professionals" whose employment required court approval under § 327(a). See In re D'Lites of Am., Inc., 108 B.R. 352 (Bankr. N.D. Ga. 1989) (court approval unnecessary for the hiring of employees to replace the debtor in possession's departed employees because the replacement employees were hired to perform everyday functions of the business rather than to assist in the handling of the bankruptcy proceedings); In re Johns-Manville Corp., 60 B.R. 612 (Bankr. S.D.N.Y. 1986) (court approval unnecessary for the hiring of non-attorney lobbyists who performed services in the ordinary course of the debtor's business, a function that was found to be "completely external to the reorganization process . . . ."). Barber appears to argue that under those decisions his representation of the debtor in the ordinary course of business landlord-tenant actions could be treated as not representing the debtor in the case because such litigation was in the ordinary course of the debtor's business. But that argument has no bearing on whether § 329(a) applies because Barber was already representing the debtor in the case, thus triggering the requirement in § 329(a) that Barber disclose any compensation for services "in connection with the case" regardless of whether a trustee may employ an attorney for

landlord-tenant actions without court approval under § 327.[2]  As discussed in this court's prior decision, were the rule different, that would present an obvious danger that an attorney, playing an influential role in the case as the debtor's general counsel in the conduct of the case, would be in a position to receive unreasonable compensation for services in the landlord-tenant actions without that compensation being disclosed and subject to scrutiny by parties in interest.

II

With respect to whether an attorney's services were "in connection with the case," the courts treat that phrase as having an extensive reach.  See In re Laferriere, 286 B.R. 520, 528 (Bankr. D. Vt. 2002).  Once an attorney *is* "representing the debtor in [the] case" within the meaning of § 329(a), that attorney must disclose compensation for services on any matter having a connection with the case.  Services are "in connection with" the bankruptcy case "if it can be objectively determined that the services rendered or to be rendered by the attorney have or will have an impact on the bankruptcy case."  In re Rheuban, 121 B.R. 368 (Bankr. C.D. Cal. 1990), rev'd in part on other

---

[2] Because the individuals employed in D'Lites of America and Johns-Manville were not attorneys, § 329(a) could not have been an issue as to those individuals.  My research has uncovered no decision discussing whether the rationale of those decisions is relevant to the determination of whether § 329(a) applies to an attorney who is providing services in the case or in connection with the case.

4

grounds, 124 B.R. 301 (C.D. Cal. 1990), on remand, 128 B.R. 551 (Bankr. C.D. Cal. 1991). See also In re Mayeaux, 269 B.R. 614, 623 (Bankr. E.D. Tex. 2001). As explained in In re Campbell, 259 B.R. 615, 626 (Bankr. N.D. Ohio 2001):

> The scope of the phrase "in connection with the case" is broad. In re Keller Fin. Servs. of Fla., Inc., 248 B.R. 859, 878-79 (Bankr. M.D. Fla. 2000); Cohn v. U.S. Trustee ( In re Ostas), 158 B.R. 312, 321 (N.D.N.Y. 1993). "The phrase may include services related to the precipitating cause of the bankruptcy, or services which are inextricably intertwined with the bankruptcy." In re Keller Fin. Servs. of Fla., 248 B.R. at 879. See also In re Hargis, 148 B.R. 19, 21 (Bankr. N.D. Tex. 1991) (holding in the Chapter 11 context that services by an attorney which enhance, preserve, litigate, or discharge liabilities, or which affect assets of the debtor are services in connection with the case). The phrase is not so broad, however, that it includes every service rendered to a person who is a debtor. See for example, In re Swartout, 20 B.R. 102 (Bankr. S.D. Ohio 1982) (determining that services related to a debtor's divorce proceeding were not connected to the bankruptcy case within the meaning of § 329).

Barber's services in the landlord-tenant actions to enforce the debtor's leases of real property to tenants had an impact on the estate. Thus, under any of the various interpretations of the phrase "in connection with" as it is used in § 329(a), whether the interpretation articulated in In re Rheuban, the one articulated in In re Keller Financial, or the one articulated in In re Hargis, Barber's services constitute services rendered "in connection with" the bankruptcy case within the meaning of § 329(a).

Barber argues that the services were not "in connection with

5

the case" based on <u>D'Lites of America</u> and <u>Johns-Manville</u> because the services were with respect to ordinary course of business litigation, and not with respect to the bankruptcy aspects of the case.  Neither of those decisions addressed the meaning of the phrase "in connection with the case" under § 329(a), and Barber's argument is rejected.

   Barber's reliance on <u>Palmer v. U. S. Trustee (In re Hargis)</u>, 887 F.2d 77 (5th Cir. 1989), is similarly misplaced.  There, the attorney rendered services to the debtor prepetition (as well as postpetition), and the services rendered prepetition in matters having nothing to do with the bankruptcy case plainly could not be treated as rendered in connection with the case, and, of course, some postpetition services might also not meet the "in connection with" test.  The court of appeals had no occasion to address the meaning of the phrase "in connection with the case" in § 329(a), and had no occasion to review the bankruptcy court's later articulation of the meaning of that phrase in <u>In re Hargis</u>, 148 B.R. at 21 (quoted above in the passage from <u>In re Campbell</u>).

                                III

   Barber claims that he had a good faith argument for an extension of the law under Rule 9011.  But the court has inherent authority to order a disgorgement of fees when an attorney violates 11 U.S.C. § 329(a).  <u>Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)</u>, 113 F.3d 1040, 1045 (9th Cir. 1997);

Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 477 (6th Cir. 1996); Neben & Starrett, Inc. v. Chartwell Fin. Corp. ( In re Park-Helena Corp.), 63 F.3d 877, 880 (9th Cir. 1995); Arens v. Boughton (In re Prudhomme), 43 F.3d 1000, 1003-04 (5th Cir. 1995). As explained in In re Campbell, 259 B.R. at 627:

> "Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts." In re Downs, 103 F.3d at 480. Bankruptcy courts have the inherent power to sanction an attorney for a breach of this fiduciary obligation. In re Downs, 103 F.3d at 478. The "failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." Neben & Starrett, Inc. v. Chartwell Fin. Corp. ( In re Park-Helena Corp.), 63 F.3d 877, 880 (9th Cir. 1995). Sanctions may also be imposed for negligent or inadvertent failures to disclose. In re Park-Helena Corp., 63 F.3d at 881.

The court acted pursuant to its inherent authority, not Rule 9011, and Barber's argument that Rule 9011 controls misses the mark. Even under Rule 9011, "an inquiry reasonable under the circumstances" would have included research into decisions under § 329(a) (instead of decisions under § 327(a)), and that research would have disclosed to Barber that his argument was not a "nonfrivolous argument for the extension, modification, or reversal of existing law."

Barber failed to disclose the fees when he should have, and refused to amend his 2016(b) statement and make the appropriate application for compensation when the United States Trustee

advised him of the error.  The court's prior order directed that Barber disgorge $500.00 and place the $1,532.00 balance of the $2,032.00 fee for landlord-tenant work in escrow pending a ruling on an application to be filed under 11 U.S.C. § 330, with that $1,532.00 to be returned to the debtor if a fee application was not filed.  "Attorneys who fail to disclose compensation timely should suffer strict and quick consequences including the imposition of sanctions or the disgorgement of all fees paid in the case." In re Hackney, 347 B.R. 432, 443 (Bankr. M.D. Fla. 2006) (citations omitted).  The sanction in this case was modest, sufficient to deter non-compliance with § 329(a), but took into account circumstances showing that Barber's conduct was only minimally egregious (those circumstances having included Barber's misguided but good faith belief that D'Lites of America and Johns-Manville made § 329(a) inapplicable to his services on the landlord-tenant cases).

Although Barber filed a monthly operating report that the debtor prepared that showed the payments made to Barber, that was not the same as filing the required statement under § 329(a) and Fed. R. Bankr. P. 2016(b).  "Counsel's fee revelations must be direct and comprehensive.  Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient." In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991) (citations omitted).  The bankruptcy system

cannot function appropriately under a system in which "disclosure is required only if the payment information 'leaks' from another source."  In re Mayeaux, 269 B.R. at 627.

The propriety of imposing sanctions is reinforced by Barber's failure to comply with Rule 2014(a) by filing a proper application to be employed as the debtor in possession's counsel, a failure that independently would warrant ordering disgorgement, and a failure that inexplicably continues to the date of preparation of this decision despite having been noted in the court's prior decision.

IV

The court directed Barber to disgorge into an escrow account, awaiting an application for compensation, the fees received other than the $500 that the court directed him to disgorge to the debtor.  That order was justified both as a sanction for violating § 329(a) and because § 330(a) requires such an application whenever an attorney's employment must be authorized under § 327.  Despite D'Lites of America and Johns-Manville, Barber could not have been employed without court authorization under § 327 to handle the landlord-tenant actions. Even the employment of an attorney "for a specified special purpose, other than to represent the trustee in conducting the case," requires court approval under the standards of § 327(e) (or under the more rigorous standards of § 327(a) if the attorney

9

is not "an attorney that has represented the debtor" within the meaning of § 327(e)). Without court approval under § 327(a) or § 327(e), as the case may be, neither Barber nor some other attorney could have been employed solely to conduct the debtor's ordinary course of business landlord-tenant litigation. See In re 50-Off Stores, Inc., 213 B.R. 646, 654-655 (Bankr. W.D. Tex. 1997). See also In re Action Video, Inc., 2003 WL 21350081 (Bankr. M.D.N.C. June 9, 2003) (employment of accountant to prepare tax returns required § 327(a) court approval because preparation of returns is a trustee duty). Without such authorization of employment, and without, in turn, court approval of compensation under 11 U.S.C. § 330(a)(1), Barber is not entitled to receive compensation for his services in the landlord-tenant actions.

V

An order follows denying the motion to vacate.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee.