The document below is hereby signed.

Signed: May 27, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTONIO DELANE STOREY, | ) | Case No. 08-00198 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO
REOPEN CASE WITH WAIVER OF FEE AND DIRECTING DEBTOR'S
<u>COUNSEL TO ADDRESS ISSUE OF BEARING THE REOPENING FEE COST</u>

This case was closed without entry of a discharge based upon the debtor's failure to file a Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management (Form 23), and the debtor, through counsel, has filed a motion to reopen the case to permit the filing of the required certification and for waiver of the reopening fee (Dkt. No. 234).

On December 7, 2009, the court issued a notice of requirement to complete a course in financial management by March 1, 2010, in compliance with 11 U.S.C. § 727(a)(11) and Fed. R. Bankr. P. 1007(b)(7) & (c) (Dkt. No. 204). On March 16, 2010, the court issued a Notice That Case May be Closed Without Discharge based upon the debtor's failure timely to file Form 23

(Dkt. No. 228). In that notice, the court advised that the case would be closed within 14 days of the entry of the notice unless the debtor filed Form 23. There being no response from the debtor, on April 8, 2010, the case was closed without entry of a discharge. Although the court finds that cause exists to reopen the case, the court rejects the request for waiver of the reopening fee and will thus deny the motion, without prejudice to the filing of a renewed motion accompanied by the required fee.

I

In his motion, the debtor acknowledges that the court issued notices to both the debtor and the debtor's attorney regarding the requirement to file Form 23. The motion further states that on approximately March 24, 2010, the debtor completed the required financial management course and sent the applicable certificate and bankruptcy form to his attorney. The attorney, however, failed to file the documents on the debtor's behalf because the attorney mistakenly believed that the debtor had already filed the form, and because the attorney was occupied with a personal matter involving the health of his fiancée.

To the extent the debtor seeks to reopen his case to file a Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management (Form 23) and receive a discharge, the court finds that cause exists to reopen this case. *See* 11 U.S.C. § 350(b); *In re Knight*, 349 B.R. 681, 685 (Bankr.

D. Idaho 2006). Whether it is appropriate to waive the fee, however, presents a different issue.

Pursuant to the miscellaneous fee schedule prescribed by the Judicial Conference of the United States in accordance with 28 U.S.C. § 1930(b), "[t]he reopening fee must be charged when a case has been closed without a discharge being entered," although "[t]he court may waive this fee under appropriate circumstances . . . ." The fee schedule does not specify what constitutes appropriate circumstances. In *In re Knight*, 349 B.R. 681 (Bankr. D. Idaho 2006), a case cited to by the debtor for the proposition that the court has the power to waive the reopening fee under appropriate circumstances, the court offered examples of circumstances that might justify a waiver of the reopening fee, including the debtor's inability to attend a financial management course within the prescribed time for medical or personal reasons, or a delay in the agency's issuance of the certificate. *Id.* at 687. The *In re Knight* court also found potentially relevant whether the debtor was represented by an attorney or if there was reason to believe that the debtor had not received the court's notices regarding the filing deadline. *Id.* In that case, the court concluded that the reopening fee ought not be waived because, although the debtor alleged that he had difficulty obtaining his financial management certificate, he was represented by competent counsel, who conceded that the court's

notices of the requirement were received by both the attorney and the debtor, and likewise conceded that he could have, but did not, promptly alert the court when the debtor encountered difficulties obtaining the certificate.[1]

The debtor in the instant case does not refute that he and his attorney received multiple notices from the court regarding the requirement to file Form 23, and by the debtor's own admission, the debtor did not actually complete the course until several weeks after the March 1, 2010 deadline to file Form 23. Rather than an inability or failure to complete the counseling, it was a misunderstanding between the debtor and the debtor's attorney that ultimately resulted in the non-filing of Form 23. Although the court accepts the debtor's representations as true, and does not doubt that the failure timely to file Form 23 was the product of inadvertence and not bad faith, the same can likely be said of most cases involving the closing of a case without entry of a discharge for failure to file Form 23.  The

---

[1] In *In re Knight*, the court noted that "[t]hese circumstances and Counsel's involvement raise the question of whether Debtor should bear personally the cost of the reopening fee.  The Court need not address that issue here.  Counsel offered at hearing--to its credit--that in the event the waiver request was denied, the reopening fee would be borne by Counsel and not by Debtor."  349 B.R. 681, 687 n. 14 (Bankr. D. Ohio 2006).  The attorney's failure in this case to file Form 23 raises the same question.  As the debtor's attorney, it was Mr. Barber's duty to verify that the form was filed, and unless Barber justifiably relied upon a representation of the debtor regarding the filing of Form 23, the debtor ought not personally bear the expense of reopening this case.

debtor here was represented by counsel, does not claim he was unable to obtain the counseling or the related certificate, and but for a misunderstanding with counsel, the debtor had the ability to satisfy his obligation under 11 U.S.C. § 727(a)(11) and Fed. R. Bankr. P. 1007(b)(7) prior to the closing of the case. The court finds that under the circumstances, waiver of the fee is not appropriate.

II

In accordance with the foregoing, it is

ORDERED that the debtor's Motion to Reopen Case With Waiver of Fee (Dkt. No. 234) is DENIED without prejudice to the filing of a renewed motion to reopen accompanied by the required filing fee. It is further

ORDERED that within 21 days after entry of this order, the debtor's attorney, Andre P. Barber, shall either (1) have borne the cost of filing a motion to reopen, and file a statement certifying that he has done so, or (2) show cause, by a writing filed with this court, why his fees ought not be disgorged in an amount equal to the $260 reopening fee that the debtor is required or will be required to pay incident to filing a motion to reopen.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.